UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Louis J. Ramsey, Sr., | ) | C.A. No.   2:14-cv-131-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Darrell N. Anderson, MasTec | ) | |
| North America, Inc. d/b/a MasTec | ) | |
| Advanced Technologies, Inc., and | ) | |
| MasTec, Inc. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Plaintiff, Louis J. Ramsey, Sr., ("Louis Ramsey") complaining of the Defendants Darrell N. Anderson, MasTec North America, Inc., and MasTec, Inc. alleges and shows unto the Court the following:

### JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Beaufort County, South Carolina.

2. Upon information and belief, Defendant Darrell N. Anderson ('Anderson") is a citizen and resident of Chatham County, Georgia.

3. Upon information and belief, Defendant MasTec North America, Inc. ("MasTec N.A.") is a television services installation corporation with its principal place of business in Miami-Dade County, Florida.

4. Upon information and belief, Defendant MasTec Inc. ("MasTec") is an engineering and construction corporation with its principal place of business in Miami-Dade County, Florida.

1

5.      That at the relevant times referenced herein at the time of the automobile collision, Anderson was acting in the course and scope of his employment with Defendant Mastec N.A. and Mastec and acting as their agent in fact.

6.      This suit arises out of a motor vehicle collision that occurred in Colleton County, South Carolina on April 17, 2012.

7.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 over the claims in this lawsuit because the Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

8.      In accordance with 28 U.S.C. §1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the District Court of South Carolina as the alleged acts and/or omissions contained herein occurred in the Charleston Division of South Carolina.

## FACTS

9.      On April 17, 2012, Louis Ramsey was travelling north on South Carolina secondary State Rd. S-15-119 in Colleton County, South Carolina at approximately 9:15 a.m in a 1999 Yamaha Venture motorcycle.

10.     As Louis Ramsey continued northbound on State Rd. S-15-119, Anderson was travelling southbound on the same route operating a DirecTV van owned and controlled by MasTech N.A. and Mastec.

11.     At all times, Louis Ramsey was acting in a reasonably prudent and careful manner.

12.     After proceeding further south on State Rd. S-15-119, Anderson blindly attempted to make a left turn onto a private driveway without stopping his vehicle.

13. In failing to yield to northbound vehicles on State Rd. S-15-119, Anderson disregarded Louis Ramsey's right of way and drove into and interrupted the regular flow of traffic.

14. As a result, Louis Ramsey's motorcycle was struck by the DirecTV van owned by MasTec N.A. and Mastec in the northbound lane of State Rd. S-15-119.

15. Upon contact of the motor vehicles, Louis Ramsey lost immediate control of his motorcycle and was ejected from it, thrown toward the DirecTV van, and was propelled through the passenger door window, coming to rest inside the DirecTV van.

16. As a direct result of the collision and the action of the Defendants, Louis Ramsey suffered bodily injury and has endured extensive medical treatment and rehabilitation.

I. **MASTEC AND MASTEC N.A. VICARIOUS LIABILITY UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR*.**

17. At the time of the accident on State Rd. S-15-119, Anderson was acting within the course and scope of his employment, travelling to a third-party residence to perform installation services for MasTec N.A. and Mastec.

18. On April 17, 2012, and at all times relevant to the relationship between Anderson and Mastec N.A. and Mastec, Anderson was regularly controlled and directed by the business dealings and authority of Mastec N.A. and Mastec in the performance of his work installing television products and services.

19. As a result, Anderson's relationship with the Defendant-Principals Mastec N.A. and Mastec at the time of the collision involving Louis Ramsey constitutes an agency and the doctrine of *Respondeat Superior* defines the relationship of those parties under the facts alleged herein.

**FOR A FIRST CAUSE OF ACTION**
(AS TO ANDERSON)
**DIRECT NEGLIGENCE**

20. Louis Ramsey realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

21. On April 17, 2012, at approximately 9:15 a.m. Anderson was negligent, grossly negligent, wanton, willful, careless, and breached statutory and common law duties to Louis Ramsey in one or more of the following particulars:

a. In failing to perform the statutorily mandated procedures required when intending to turn pursuant to S.C. Code Ann. §56-5-2120;

b. In failing to perform the statutorily mandated turning movements and required signal procedure pursuant to S.C. Code Ann. §56-5-2150;

c. In failing to yield to the Plaintiff's right-of-way pursuant to S.C. Code Ann. §56-5-2320;

d. In failing to drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing pursuant to S.C. Code Ann. § 56-5-1520;

e. In operating a motor vehicle, a dangerous instrumentality;

f. In failing to keep the motor vehicle under proper control;

g. In failing to apply or timely apply a braking mechanism;

h. In such other and further particulars as may be shown at trial, including acts and/or omissions in violation of federal motor carrier regulations.

All of which acts and omissions, or both, were the actual, direct, foreseeable, and proximate cause of the damages suffered by Louis Ramsey.

22. Anderson's negligent and careless acts and omissions were the direct and proximate cause of the automobile collision with Louis Ramsey.

23. Louis Ramsey suffered conscious pain and suffering, physical harm and injury, and other damages as a direct result of Anderson's negligent and careless acts and omission on April 17, 2012.

24. That by reason of the acts of Anderson as set forth above, Louis Ramsey is informed and believes that he is entitled to an award of actual damages, together with punitive damages in an appropriate amount, and for the costs of this action.

**FOR A SECOND CAUSE OF ACTION**
(AS TO MASTEC AND MASTEC N.A.)
**NEGLIGENCE**

25. Louis Ramsey realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

26. On or about April 17, 2012 at approximately 9:15 a.m., Louis Ramsey was operating a 1999 Yamaha Venture motorcycle northbound on State Rd. S-15-119 when he was struck by a DirecTV van owned and controlled by MasTec and MasTec N.A.

27. At all times relevant hereto, the DirecTV van owned by Mastec and Mastec N.A. was driven and operated by Anderson who was an employee, representative, and agent in fact of MasTech and MasTec N.A. and acting in the course and scope of his employment.

28. MasTec and MasTec N.A. are responsible for Anderson's actions and the consequences of his actions on April 17, 2012.

29. Louis Ramsey was acting in a reasonable, prudent, and careful manner at all times pertinent hereto.

30. The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligence, carelessness, and willful, wanton, reckless, and grossly negligent acts or omissions of Anderson who was acting in the course and scope of his employment, agency, and representation of MasTec and MasTech N.A. in the following particulars:

  a. In failing to perform the statutorily mandated procedures required when intending to turn pursuant to S.C. Code Ann. §56-5-2120;

  b. In failing to perform the statutorily mandated turning movements and required signal procedure pursuant to S.C. Code Ann. §56-5-2150;

  c. In failing to yield to the Plaintiff's right-of-way pursuant to S.C. Code Ann. §56-5-2320;

  d. In failing to drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing pursuant to S.C. Code Ann. § 56-5-1520;

  e. In operating a motor vehicle, a dangerous instrumentality;

  f. In failing to keep the motor vehicle under proper control;

  g. In failing to apply or timely apply a braking mechanism;

  h. In such other and further particulars as may be shown at trial, including acts and/or omissions in violation of federal motor carrier regulations.

All of which acts and omissions, or both, were the actual, direct, foreseeable, and proximate cause of the damages suffered by Louis Ramsey.

31. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of MasTec and MasTec N.A., Louis Ramsey suffered conscious pain and suffering, physical harm and injury, and other damages.

32. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of MasTec, MasTec N.A., and Anderson as set out above, Louis Ramsey is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A THIRD CAUSE OF ACTION**
(AS TO MASTEC N.A. AND MASTEC)
**NEGLIGENT ENTRUSTMENT**

33. Louis Ramsey realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

34. MasTec and MasTec N.A. knew or should have known that Anderson was untrained and incapable of operating his vehicle in the manner required by South Carolina statutory and common law.

35. MasTec and MasTec N.A. knew or should have known that Anderson's inexperience and lack of training was evidence that he was incapable of complying with South Carolina statutory and common law and was therefore a reckless operator of a commercial motor vehicle.

36. MasTec and MasTec N.A. entrusted a commercial motor vehicle to Anderson despite knowing that he lacked proper training and experience to safely operate a motor vehicle in the state of South Carolina.

37. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of MasTec, and MasTec N.A., Louis Ramsey suffered conscious pain and suffering, physical harm and injury, and other damages.

38. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of MasTec, and MasTec N.A. as set out above, Louis Ramsey is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A FOURTH CAUSE OF ACTION**
(AS TO MASTEC N.A. AND MASTEC)
**NEGLIGENT HIRING, SUPERVISION, AND RETENTION**

39. Louis Ramsey realleges and reincorporates the above Paragraphs as if fully set forth herein verbatim.

40. MasTec and MasTec N.A. owed statutory and common law duties to Louis Ramsey not to negligently hire, supervise, or retain agents incapable of complying with South Carolina traffic and safety laws and regulations.

41. MasTec and MasTec N.A. failed to properly review, interview, or interact with Anderson prior to hiring Anderson as their agent.

42. MasTec and MasTec N.A. knew or should have known that Anderson lacked the proper training, experience, or ability to comply with all South Carolina traffic and safety laws and regulations.

43. MasTec and MasTec N.A. knew or should have known that Anderson's inexperience, lack of training, and inability to comply with South Carolina traffic and safety laws and regulations was evidence that he was unable to comply with federal law and state law and was therefore a reckless operator of a commercial motor vehicle.

44. MasTec and MasTec N.A. failed to properly supervise and train Anderson, specifically with regard to operating a motor vehicle in South Carolina.

45. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of MasTec, MasTec N.A., and Anderson, Louis Ramsey suffered conscious pain and suffering, physical harm and injury, and other damages.

46. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of MasTec, MasTec N.A. and Anderson as set out above, Louis Ramsey is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

WHEREFORE, Louis Ramsey prays for the following:

    i. Judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury;

    ii. For the costs of this action including interest from the date of filing of this Complaint, and that a reasonable attorneys' fee be taxed against the Defendants; and

    iii. For such other relief as this Court deems just and proper.

**PIERCE, HERNS, SLOAN & WILSON, LLC**
The Blake House
321 East Bay Street (29401)
Post Office Box (22437)
Charleston, S.C.
(843) 722-7733

/s/ Carl E. Pierce II
Carl E. Pierce, II (Fed ID # 3062)
*Attorney for the Plaintiff*

January 16, 2014
Charleston, South Carolina

9